IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JONES,

                        Plaintiff,

v.

DR. SYED, MS. MASHAK, and DR. HOFFMAN,

                        Defendants.

ORDER

17-cv-907-jdp

---

Plaintiff Michael Jones, appearing pro se, is a prisoner at Columbia Correctional Institution. He alleges that prison medical officials failed to treat his swollen and painful right knee. Jones has filed a supplement to his complaint, Dkt. 14, responding to two matters I discussed in my order screening his complaint, Dkt. 7. Because Jones filed the supplement before defendants filed their answer, he does not need leave of the court to amend his complaint. *See* Fed. R. Civ. P. 15(a)(1). But I still must screen his new allegations under 28 U.S.C. §§ 1915 and 1915A.

**A. Claim against radiologist**

Jones initially included as defendants "Radiologist-John Doe" and "MobileX-USA/X-Ray Company." But all he alleged against them was that that the radiologist from MobileX misread a 2015 x-ray that perhaps contributed to later inaction by medical professionals, which was not enough to state an Eighth Amendment claim. Dkt. 7, at 4-5. I told Jones that if he desired, he could amend his complaint to explicitly allege that he intends to pursue Wisconsin medical malpractice claims against the radiologist and his employer. Jones now says that he would indeed like to pursue a malpractice claim against these defendants. I will grant him leave

to proceed on a medical malpractice claim against these defendants and I will add them to the caption.

Because Jones is bringing a claim against a Doe defendant, I will set deadlines for the parties to use the discovery process to identify the Doe defendant and for Jones to amend the caption with the proper identity.

**B. Claim regarding initial swelling**

Jones began his complaint with allegations that in January 2015, his right knee swelled to the point that he had to walk with a limp, but that Health Services Unit staff did not help him when he complained about the problem. Dkt. 1, at 3. But because Jones did not explain whether any of the named defendants were responsible for this inaction, I stated, "I do not take Jones to be saying that he wishes to bring claims about this inaction." Dkt. 7, at 2. Jones now says that he indeed wishes to bring claims about staff's failure to help him. But I cannot allow him to proceed on claims regarding this allegation, because he still does not explain who was responsible for this inaction. I will give him a short time to provide another supplement in which he explains who failed to help him. If he means to bring claims against staff members who are not already named as defendants in the case, he will have to respond by explicitly stating who he wishes to add as defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Jones is GRANTED leave to proceed on the following claims:
   - Eighth Amendment medical care claims against defendants Dr. Syed, Dr. Hoffman, and Ms. Mashak.

- Wisconsin medical malpractice claims against defendants Radiologist-John Doe and MobileX-USA/X-Ray Company.

2. The clerk of court is directed to add Radiologist-John Doe and MobileX-USA/X-Ray Company to the caption.

3. The clerk of court is directed to ensure that the United States Marshals Service serves defendant MobileX-USA/X-Ray Company with a copy of plaintiff's complaint, Dkt. 1, supplements to the complaint, Dkt. 1-1; Dkt. 14, and this order.

4. Plaintiff may have until December 15, 2018, to complete service of his discovery requests aimed at identifying defendant Doe. Plaintiff may have until February 4, 2019 to submit a supplement to the complaint, naming the Doe defendant.

5. Plaintiff may have until November 1, 2018, to respond to this order regarding his allegation that prison staff failed to help him in January 2015, when his knee began to swell.

Entered October 18, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge