IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JONES,

                      Plaintiff,

    v.

DR. SYED, MS. MASHAK, DR. HOFFMAN,
NURSE-JANE DOE, RADIOLOGIST-JOHN DOE,
and SYMPHONY DIAGNOSTIC SERVICES
NO. 1, LLC,

                      Defendants.

ORDER

17-cv-907-jdp

---

Plaintiff Michael Jones, appearing pro se, is a prisoner at Jackson Correctional Institution. He alleges that prison medical officials failed to treat his swollen and painful right knee. He also brings malpractice claims against a John Doe outside radiologist and Symphony Diagnostic Services for misreading an x-ray. The claims against Symphony Diagnostic and its employee are stayed pending the completion of bankruptcy proceedings. Jones and the state defendants have a May 2, 2019 dispositive-motions deadline.

Jones has filed two motions. First, he asks for the return of legal materials that he says were taken from him when he was placed in segregation. Dkt. 52. The state defendants respond that Jones was allowed to go through his possessions and that he has taken all the legal work that he says he needs. So I will deny Jones's motion as moot. He is free to renew his motion if he has further problems keeping his necessary materials.

Second, Jones has filed a motion for the appointment of counsel, stating that the case involves complex medical issues. Dkt. 55. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to

serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Jones has met this requirement.

The court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

I am not yet convinced that this case is one requiring the assistance of counsel. It is likely that defendants will file a motion for summary judgment, If they do, Jones should be able to set out his version of events in his summary judgment opposition materials. Without seeing exactly what facts the parties are disputing, I cannot determine whether the case truly involves issues too complex for Jones to handle himself. So I will deny his motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable

2

to litigate the suit himself. But if he refiles his motion, he will have to explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Jones's motion for the return of legal materials, Dkt. 52, is DENIED as moot.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 55, is DENIED without prejudice.

Entered April 26, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge