IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JONES,

                 Plaintiff,

  v.

DR. SYED, MS. MASHAK, DR. HOFFMAN,
NURSE-JANE DOE, RADIOLOGIST-JOHN DOE,
and SYMPHONY DIAGNOSTIC SERVICES
NO. 1, LLC,

                 Defendants.

OPINION and ORDER

17-cv-907-jdp

---

Pro se plaintiff Michael Jones alleges that prison medical officials at Columbia Correctional Institution failed to treat his swollen and painful right knee. He is proceeding on Eighth Amendment claims against the state defendants (Dr. Salam Syed, Dr. Karl Hoffman, and Meredith Mashak), and malpractice claims against a John Doe radiologist and Symphony Diagnostic Services for misreading an x-ray. The claims against Symphony Diagnostic and its John Doe employee are stayed pending the completion of bankruptcy proceedings.

The state defendants filed a motion for summary judgment on May 2, 2019.[1] Jones failed to file any opposition materials by his June 3 deadline, but he filed several requests for court assistance in recruiting counsel. On July 8, 2019, I denied Jones's requests for counsel, but I granted him an extension of his summary judgment deadline. Dkt. 73. I warned Jones that if he did not file his opposition materials by the new deadline, I would accept all of defendants' proposed findings of fact as undisputed and would resolve the summary judgment

---

[1] I granted Jones leave to proceed against a Nurse Jane Doe who worked at the prison, but Jones failed to file an amended complaint or supplement identifying the nurse by the deadline for doing so. Therefore, I will dismiss Jones's claim against Nurse Jane Doe.

motion based solely on the evidence and arguments presented by defendants. Jones's new deadline has passed, and he has still not filed any materials in opposition to defendants' motion. Therefore, I have considered only the arguments and evidence presented by defendants. Because the evidence shows that the state defendants did not act with deliberate indifference to Jones's knee condition, I will grant the motion for summary judgment. I will direct the clerk of court to enter judgment under Rule 54(b) of the Federal Rules of Civil Procedure in favor of the state defendants on Jones's claims against them.

The only claims remaining in this case will be Jones's claims against John Doe radiologist and Symphony Diagnostic Services. Because this court cannot act on those claims until Symphony Diagnostic's bankruptcy proceedings have concluded, I will dismiss this case without prejudice, subject to it being reopened upon the conclusion of the bankruptcy proceedings. I will also require Symphony Diagnostic Services to provide periodic updates to the court and Jones regarding the status of the bankruptcy proceedings.

UNDISPUTED FACTS

The following facts are drawn from defendants' summary judgment materials and are undisputed unless noted otherwise.

In 2015 and 2016, plaintiff Michael Jones was incarcerated at Columbia Correctional Institution. Defendants Karl Hoffman and Salam Syed were physicians at the prison and Meredith Mashak was the health services manager.

On January 29, 2015, Hoffman evaluated Jones for right knee pain. Hoffman found a small amount of fluid buildup which he thought might be a symptom of degenerative joint disease. Hoffman ordered an x-ray of Jones's knee and scheduled a follow-up appointment.

On February 2, 2015, Jones received the x-ray. The results were normal and did not show a fracture, dislocation, or fluid in the joint. Jones saw Hoffman again on March 9, 2015 and reported that he still had knee discomfort. Hoffman noted that Jones had an even gait and moved without obvious pain. Hoffman prescribed meloxicam, a non-steroidal anti-inflammatory drug, and told Jones that his pain might be related to his obesity. After March 2015, Hoffman had no further involvement with Jones's medical care.

In January 2016, Jones again complained of right knee pain. He saw a nurse, who examined his knee and found no redness or swelling. The nurse noted that Jones walked with a normal gait and had a good range of motion. The nurse advised Jones to continue taking meloxicam daily and Tylenol as needed. She also scheduled an appointment for Jones with a doctor.

On February 3, 2016, Jones saw Dr. Syed about several medical concerns, including high blood pressure, asthma, medications, and knee pain. Syed examined Jones's knee and did not observe any swelling or symptoms of pain. After reviewing Jones's chart, including the normal x-ray results of Jones's right knee, Syed concluded that it was not necessary to add any additional treatment for Jones's knee pain. Syed noted that Jones's obesity might be contributing to his knee pain.

After his appointment, Jones filed an inmate complaint regarding Dr. Syed's failure to provide him additional treatment for his knee pain. The inmate complaint examiner contacted health services manager Mashak about the complaint. Mashak reviewed Jones's medical records and relayed to the inmate complaint examiner the care that Jones had received for his knee. The reviewing authority dismissed Jones's complaint, with the recommendation that Jones be assessed for physical therapy.

On February 29, 2016, Syed wrote an order for Jones's meloxicam prescription to expire. Syed did not think that non-steroidal anti-inflammatory medications should be prescribed for chronic conditions or for prolonged use and thought that Jones's pain could be managed without meloxicam or any medication in addition to Tylenol.

Jones was seen by medical staff seven times between March and July 2016 and did not complain about knee pain. The next time Jones saw Dr. Syed was on August 5, 2016, for concerns about hypothyroidism and asthma. Jones did not raise any concerns about his knee. After August 2016, Syed had no further involvement with Jones's medical care.

Jones alleged in his complaint that several months after Dr. Syed treated him, he was diagnosed with mild osteoarthritis at another institution. Neither side submitted evidence at summary judgment regarding this diagnosis or Jones's present condition or treatment.

ANALYSIS

Jones is proceeding on claims under the Eighth Amendment against defendants Dr. Hoffman, Dr. Syed, and Health Services Manager Mashak. These defendants have moved for summary judgment, arguing that Jones cannot prove that they acted with deliberate indifference to his knee pain.

The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm violates the Eighth Amendment. *Id.* at 828; *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To survive summary judgment, Jones must present evidence suggesting that he suffered from an objectively serious

medical condition and that the defendants knew about the condition but disregarded it by failing to take reasonable measures to address it. *Farmer*, 511 U.S. at 834; *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015).

Jones alleged in his complaint that defendants failed to provide him treatment for his knee despite his continuous complaints of severe pain. But the evidence does not support his claim. When Dr. Hoffman saw Jones in January 2015, he examined Jones's knee and ordered an x-ray. The x-ray was scheduled promptly, and the results showed no obvious abnormalities. The only other time Hoffman saw Jones was on March 9, 2015, when Hoffman explained the x-ray findings to Jones and, because Jones continued to complain of pain, prescribed him pain medication. No reasonable jury could conclude from these facts that Hoffman acted with deliberate indifference to Jones's knee pain.

Jones argues in his complaint that Hoffman or the radiologist misread the x-ray. But he has submitted no evidence suggesting that anyone misread the x-ray. He also argues that Hoffman should have ordered follow-up tests to determine the cause of his knee pain. But "the question whether an x-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008) (*quoting Estelle*, 429 U.S. at 107)). "A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. And "[a] medical professional's treatment decisions will be accorded deference unless 'no minimally competent professional would have so responded under those circumstances.'" *Jackson*, 541 F.3d at 698 (*quoting Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008)). Jones has submitted no evidence from which a jury could conclude that the treatment Hoffman provided (pain medication) fell outside the scope of ordinary professional judgment.

5

As for Dr. Syed, he examined Jones on February 3, 2016, and concluded that no additional treatment was necessary based on the previous x-ray results and his examination showing neither swelling nor pain. A few weeks later, Syed discontinued Jones's meloxicam prescription based on his medical opinion that such medication was not appropriate for chronic, prolonged use, particularly in light of Jones's mild symptoms. After Syed's decision to discontinue meloxicam, Jones did not seek medical attention for his knee for several months. Jones argues in his complaint that Syed should have ordered another x-ray, but Jones failed to submit evidence suggesting that an x-ray was warranted by the symptoms that Syed observed in February 2016. Without such evidence, no reasonable jury could conclude that Syed knew Jones had a serious medical condition that warranted an x-ray or additional treatment.

Finally, Jones argues in his complaint that he wrote to health services several times about his knee pain and that Mashak failed to respond or to arrange for him to see a doctor. But Jones has submitted no evidence showing that Mashak received or reviewed any health service requests or other correspondence from Jones about his knee pain. Instead, the evidence shows that Mashak's only involvement with treatment for Jones's knee pain was to review Jones's medical file so that she could respond to an inquiry from a complaint examiner. When Mashak reviewed Jones's medical record, she saw that Dr. Syed had recently addressed Jones's concerns about his knee. She relayed that information to the complaint examiner. Mashak did not have the authority or responsibility to intervene to change Syed's treatment decisions. *See Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012) (prison officials cannot be held liable under Eighth Amendment "if the remedial step was not within their power").

In sum, Jones has failed to submit any evidence showing that defendants Hoffman, Syed, or Mashak acted with deliberate indifference to his knee pain. Therefore, I will grant

6

summary judgment to these defendants. Because there is no reason to delay entry of judgment as to the state defendants, I will direct the clerk of court to enter judgment in their favor. *See* Fed. R. Civ. P. 54(b) ("court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"). Because Jones's claims against the remaining defendants (Symphony Diagnostic Services No. 1 LLC and John Doe radiologist) are stayed pending the completion of bankruptcy proceedings, I will dismiss this case without prejudice, subject to being reopened upon the completion of bankruptcy proceedings.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by defendants Dr. Hoffman, Dr. Syed, and Meredith Mashak, Dkt. 59, is GRANTED.

2. The clerk of court is directed to enter judgment in favor of defendants Hoffman, Syed, and Mashak under Rule 54(b) of the Federal Rules of Civil Procedure.

3. This case is DISMISSED without prejudice. Any party may file a motion to reopen this case within a reasonable time after the completion of the bankruptcy proceedings involving defendant Symphony Diagnostic Services No. 1 LLC.

4. Defendant Symphony Diagnostic Services No. 1 LLC shall provide the court and plaintiff with updates every six months regarding the status of the bankruptcy proceedings, beginning on February 21, 2019.

Entered August 22, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge